# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH PARTEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 10-0083-WS-N |
| | ) |
| HMR ADVANTAGE HEALTH | ) |
| SYSTEMS, INC., *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion to Dismiss (doc. 3) filed by defendant David Grimes.

Plaintiff, Elizabeth Parten, brought a Complaint against Grimes and four other named defendants in the Circuit Court of Baldwin County, Alabama, asserting causes of action for negligence and wantonness. The Complaint alleges that Parten sustained injuries on May 31, 2008, when she slipped and fell in a puddle of liquid on the premises of the W.F. Green State Veterans Home in Bay Minette, Alabama. Parten named Grimes as a defendant on the theory that he "was the nursing home administrator for W.F. Green State Veterans Home, and was the Defendants' agent, servant and/or employee, at all times material to this lawsuit." (Complaint, ¶ 6.) The other four defendants (collectively, the "HMR Defendants") are corporate entities alleged to own, operate, and/or manage the facility where the accident occurred. (*Id.*, ¶¶ 2-5.)

On February 22, 2010, the HMR Defendants filed a Notice of Removal (doc. 1), removing the action to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446. Federal jurisdiction was predicated on 28 U.S.C. § 1332. The Complaint on its face pleads that the amount in controversy exceeds $75,000, and all HMR Defendants are alleged to be of diverse citizenship to Parten. Although defendant Grimes is alleged to be an Alabama citizen, just as Parten is, the removing defendants maintain that his non-diverse status does not negate diversity jurisdiction because he was fraudulently joined. To support this proposition, the HMR

Defendants submit the Affidavit of David Grimes, wherein he avers that he resigned from his position as Administrator of the W.F. Green State Veterans Home on November 26, 2007, more than six months before the events giving rise to the Complaint. (Doc. 1-3, ¶¶ 1-3.) Grimes further avers that he was not employed by the HMR Defendants on the date of Parten's injury, and that he has "no knowledge about this accident, other than being served with this lawsuit." (*Id.*, ¶¶ 3-4.)

Contemporaneously with the Notice of Removal filed by the HMR Defendants, defendant Grimes filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. Grimes' position is that, in accordance with the foregoing facts, there is no possibility that Parten can prove her claims of negligence and wantonness against him, such that those claims should be dismissed.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Notwithstanding the complete diversity requirement, a non-diverse defendant who is fraudulently joined does not defeat diversity because his citizenship is excluded from the diversity calculus. Under well settled law, a finding of fraudulent joinder is appropriate in the circumstances presented here only if "there is no possibility the plaintiff can establish a cause of action against the resident defendant. ... The defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The burden on the removing party to prove fraudulent joinder is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). In assessing a fraudulent joinder claim, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

So the proper legal standard is that "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007).[1]

---

[1] *See also Triggs*, 154 F.3d at 1287 ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants,

Lending substance and depth to this "any possibility" language, the Eleventh Circuit has explained that "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287; *see also Pacheco de Perez*, 139 F.3d at 1380 (mere "colorable claim" is sufficient to negate fraudulent joinder argument and to compel remand). Nonetheless, it bears emphasis that "[t]he potential for legal liability must be reasonable, not merely theoretical," in order to foil a fraudulent joinder theory. *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (observing that possibility of liability is evaluated by reason and common sense, and that more is required than such a possibility that a designated residence might be struck by a meteor on a given evening).[2]

Defendants have made a clear and convincing showing that Parten cannot possibly establish valid claims against Grimes, who had resigned from employment with the HMR Defendants more than six months prior to the incident in question. When confronted with this evidence and given an opportunity to respond, Parten states only that she "offers no opposition to the Motion to Dismiss" and "does not contest the jurisdiction of this Court." (Doc. 6, ¶ 1.) In light of defendants' compelling evidence that Parten cannot state a colorable claim against Grimes, and plaintiff's tacit acquiescence to same, the Court finds that the HMR Defendants have satisfied their heavy burden of showing that Grimes was fraudulently joined. As such, Grimes' non-diverse citizenship is irrelevant for purposes of subject matter jurisdiction, and cannot defeat federal diversity jurisdiction. Furthermore, given the Court's finding that there is no possibility that plaintiff can establish a cause of action against Grimes, his Motion to Dismiss is due to be, and the same hereby is, **granted**. *See Florence*, 484 F.3d at 1297 (if fraudulent

---

the federal court must find that the joinder was proper and remand the case to the state court."); *GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1353-54 (S.D. Ala. 2003) ("A defendant (typically a resident of the forum) is fraudulently joined if there is no possibility that the plaintiff can prove a cause of action against him.").

[2] In weighing fraudulent joinder arguments, courts examine "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (citation omitted). In that respect, the procedural mechanism for resolving a fraudulent joinder objection is akin to that utilized on summary judgment. *See id.*

joinder is found, "the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court"). Plaintiff's claims against defendant David Grimes are **dismissed with prejudice**, and the Clerk's Office is directed to terminate Grimes as a party defendant. This action will proceed in this District Court as to the four HMR Defendants.

DONE and ORDERED this 9th day of March, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE